**IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

CHARLES UGORJI )
 )
   Defendant-Below/Appellant, )
 )
           v. )      C.A. No. CPU4-15-003958
 )
PREMIUM PROPERTIES, LLC )      JP13-15-0011730
 )
   Plaintiff-Below/Appellee. )
 )

## ORDER

## Appeal from Justice of Peace Court

**COMES NOW**, this 17th day of December, 2015, the Court finds as follows:

1. The instant matter is a landlord-tenant action that is on appeal from the Justice of the Peace Court. Appellee owns property that it rented to Appellant, and originally brought this action in the Justice of the Peace Court to recover possession pursuant to the Landlord-Tenant Code *25 Del. C., Chapter 57*.

2. On November 18, 2015, the Justice of the Peace Court entered a default judgment against Appellant for his failure to appear for trial on November 10, 2015.

On November 20, 2015, Appellant filed a motion to vacate, alleging that, on the morning of trial, he was running late due to car problems, and therefore arrived at the Justice of the Peace Court at 9:05AM. He apologized for his failure to appear and requested a new trial date from the Court. Appellant also explained that he had always paid rent and would

continue to do so, but requested that Appellee allow him and his family to stay in the rented unit until their new apartment would be available January 2016.

3. On November 23, 2015, the Justice of the Peace Court denied Appellant's motion, stating that Appellant failed to provide the court with a meritorious defense as required under *Justice of Peace Court Civil Rule 60.*

4. On November 30, 2015, Appellant filed a Notice of Appeal with this Court, seeking review of the Justice of the Peace Court's denial of his motion to vacate.

5. On December 1, 2015, Appellant filed a Motion to Stay the Eviction. The Court issued an interim Order on the Motion to Stay the Eviction and ordered a hearing.

6. On December 4, 2015, the Court held a hearing on the denial of the motion to vacate. Both parties appeared for the hearing.

7. When an appellant seeks review of a Justice of the Peace Court's denial of his motion to vacate default judgment, this Court is required to analyze the appeal under an abuse of discretion standard.[1]

8. "The essence of judicial discretion is the exercise of judgment by conscience and reason as opposed to capricious and arbitrary action. Where the Court has not exceeded the bounds of reason in view of the circumstances and has not ignored recognized rules of law or practice so as to produce injustice, its legal discretion has not been abused."[2]

---

[1] *Payne v. Davenport Servs., Inc.*, 2013 WL 4769257, at *2 (Del. Com. Pl. Sept. 4, 2013) (citing CCP Civ. R. 72.2(b)(3).
[2] *Id.*

9. In the Justice of the Peace Court, motions to vacate are governed by Justice of the Peace Civil Court Rule 60(b)(1). Under Rule 60(b)(1), a party may be relieved from judgment where there was mistake, inadvertence, surprise, or excusable neglect.

10. In order to prevail on a motion to vacate, the movant must establish the following:

> (1) excusable neglect in the conduct that allowed the default judgment to be taken; (2) a meritorious defense to the action that would allow a different outcome to the litigation if the matter was heard on its merits; and (3) a showing that substantial prejudice will not be suffered by the plaintiff if the motion is granted.[3]

11. "Excusable neglect is defined as the actions of defendant which might have been the acts of a reasonably prudent person under similar circumstances."[4] Moreover, while Delaware courts hold *pro se* litigants to a "somewhat less stringent standard" in their filings and interactions with the Court, a party's *pro se* status is "not a blank check for defect."[5]

12. After reviewing the record and the arguments put forth at the hearing, I find no basis to conclude the Justice of the Peace did not adequately review and consider Appellant's position in denying Appellant's motion to vacate. Although Appellant may have demonstrated that his failure to timely appear for trial was a result of excusable neglect, he did not demonstrate that he has a meritorious defense to the action against him. In fact, Appellant does not dispute that he owes rent to Appellee.

---

[3] *Kasowski v. Nickle Real Estate, Inc.*, 2013 WL 3131615, at *3 (Del. Com. Pl. June 14, 2013) (quoting *Verizon Delaware, Inc. v. Baldwin Line Const. Co., Inc.*, 2004 WL 838610, at *1 (Del. Super. Apr. 13, 2004)).
[4] *Linden Green Condo. Ass'n v. Cesar*, 2015 WL 4094242, at *2 (Del. Com. Pl. July 7, 2015) (citing *Lewes Dairy, Inc. v. Walpole,* 1996 WL 111130, at *2 (Del.Super.Jan.5, 1996)).

[5] *Sloan v. Segal,* 2008 WL 81513, at *7 (Del.Ch. Jan.3, 2008).

3

13. Accordingly, it is hereby ordered that the Stay of Eviction is **Vacated**.  It is further ordered that the appeal is **DISMISSED** and the case is **REMANDED** to the Justice of the Peace Court so that the matter can proceed in accordance with court rules.

                            **SO ORDERED** this 15th day of December, 2015.


                            _____
                            Alex J. Smalls
                            Chief Judge



cc:     Justice of the Peace Court No. 13
        Judge James R. Hanby, Sr.